# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal No. 13-227 |
| | ) | Civil No. 18-1072 |
| NEAL PRENCE, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Defendant Neal Prence ("Prence") filed a lengthy pro se § 2255 motion (ECF No. 389). The government filed a response in opposition to the motion (ECF No. 408) and it is ripe for decision.

I. Factual and Procedural Background

On August 21, 2013, Prence and his co-defendant Nicholas Trombetta ("Trombetta") were indicted in Criminal No. 13-227. Prence was charged in count 6 of the indictment with a tax conspiracy to defraud the Internal Revenue Service ("IRS"), in violation of 18 U.S.C. § 371. Prence was a certified public accountant ("CPA"). Trombetta was the president and CEO of the Pennsylvania Cyber Charter School ("PA Cyber") and controlled numerous other entities. In essence, Prence knowingly filed false tax returns that enabled Trombetta to hide approximately $8,000,000 in income.

Prence was represented through the guilty plea phase of the case by attorney Stanton Levenson ("Levenson"). A change of plea hearing was scheduled for September 19, 2016. On that date, Prence requested a continuance to have additional time to consider the proposed plea offer, which the court granted. (ECF Nos. 245, 246).

On September 28, 2016, Prence pleaded guilty to Count 6, pursuant to a written plea agreement. There were two lengthy sidebars at the change of plea hearing: (1) to discuss the terms of the plea agreement negotiated by the parties; and (2) to discuss Prence's request to enter a plea without admitting responsibility, which the government opposed. (Transcript filed under seal at 16-mc-838, ECF No. 2) (cited as "Sealed Tr.").

In the first sidebar, Prence stated that he read and discussed each of the terms of the plea agreement with his counsel and understood those terms. Sealed Tr. 6, 15. Of note, the plea agreement does not preclude Prence from raising the pending claim for ineffective assistance of counsel. Sealed Tr. 11.

After the first sidebar, Prence admitted in open court that he was pleading guilty of his own will because he was guilty. (Tr. 16, ECF No. 323). Prence admitted that he joined the tax conspiracy during the time charged in the indictment. *Id*. After the government reviewed the elements of the crime and summarized its evidence, however, Prence stated that the summary was mostly inaccurate and based on a lack of tax knowledge. Tr. 38. The court explained that it could not accept a guilty plea if it did not know that Prence was guilty of that crime. *Id*.

A second sidebar conference was held. The court reiterated its concerns. Sealed Tr. 18-20. The government explained its policy that it would not accept an "Alford" plea and that the parties' negotiated plea agreement required Prence to accept responsibility of guilt. After discussion, the court explained that before it could accept the guilty plea, Prence must agree to the necessary facts to support each element of the charged crime. Sealed Tr. 23.

In open court, Prence stated: "I assisted for the tax year 2011 with Dr. Trombetta in filing tax returns that were not accurate representations of his income." Tr. 40. The prosecutor reviewed how Prence's statement satisfied each of the elements of the crime and Prence said: "I'll agree to that." Tr. 42. The court accepted the guilty plea and found that Prence was fully

competent and the plea was a knowing and voluntary plea supported by an independent basis in fact containing each of the enumerated elements of the offense. Tr. 43. Prence and Levenson executed a guilty plea form.

On April 18, 2017, Levenson filed a motion to withdraw Prence's guilty plea. The court held a hearing and denied the motion in an opinion dated June 14, 2017 (ECF No. 338). The court noted that Prence failed to show good cause to withdraw his plea and would lose two benefits negotiated in the plea agreement: (1) a Rule 11(c)(1)(C) agreement to cap the prison term at 24 months; and (2) a stipulated tax loss between $250,000 and $550,000. *Id*. at 4.

On June 20, 2017, the court granted a motion by Levenson to withdraw as Prence's counsel and appointed the federal public defender as his new counsel. Prence did not renew his motion to withdraw his guilty plea. On July 11, 2018, Prence was sentenced to a term of imprisonment of 12 months and 1 day, followed by 3 years of supervised release, and ordered to pay restitution of $50,000. His sentence represented a downward variance from the advisory guideline range. Prence did not file a direct appeal of his conviction or sentence.

Prence filed his original § 2255 motion on August 15, 2018. Because the motion contained personal information, it was removed from public view and Prence filed a redacted version (ECF No. 398). At the government's request, the court issued a "Miller notice" to inform Prence about the limitations on second or successive § 2255 petitions. In response, Prence filed a notice of his intent to stand on his original § 2255 motion. (ECF No. 407). The government filed a response in opposition on January 7, 2019 and the motion is now ripe for disposition.

II. Legal Analysis

    1. <u>Standard of Review</u>

Under 28 U.S.C. § 2255, a federal prisoner in custody may move the court which imposed the sentence to vacate, set aside, or correct the sentence upon the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. The Supreme Court reads § 2255 as stating four grounds upon which relief can be granted:

> (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" and (4) that the sentence "is otherwise subject to collateral attack."

CHARLES A. WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 625 (4th ed. 2011) (quoting *Hill v. United States*, 368 U.S. 424, 426-27 (1962)). The statute provides as a remedy for a sentence imposed in violation of law that "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255.

"As a collateral challenge, a motion pursuant to [§ 2255] is reviewed much less favorably than a direct appeal of the sentence." *United States v. Travillion*, 759 F.3d 281, 288 (3d Cir. 2014) (citing *United States v. Frady*, 456 U.S. 152, 167–68 (1982)). "Indeed, relief under § 2255 is available only when 'the claimed error of law was a fundamental defect [that] inherently results in a complete miscarriage of justice, and... present[s] exceptional circumstances where the need for the remedy afforded by the writ...is apparent.'" *Id.* (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974) (internal quotation marks omitted)).

A district court is required to hold an evidentiary hearing on a § 2255 motion if "the files and records of the case are inconclusive as to whether the movant is entitled to relief." *United States v. Booth*, 432 F.3d 542, 545-46 (3d Cir. 2005). "[T]he court must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record." *Id.* at 545. The court concludes that an evidentiary hearing is not necessary in this case because, as described below, based upon the record in this case Prence is not entitled to relief.

2. Prence's contentions and the government's responses

Prence's § 2255 motion on the court's standard form stated only one ground for relief, namely that Levenson did not adequately represent him at the change of plea hearing. Prence submitted a lengthy brief in support of his motion and over 150 pages of supporting documentation. Prence's brief confirmed that it contained the supporting facts for "Ground One." It is somewhat difficult to determine the precise source of Prence's displeasure with Levenson. His lengthy recitation referenced numerous topics, including his efforts to engage various attorneys, the alleged fictions told by Avanti CEO Brett Geibel to government investigators, Levenson's loss of some of Prence's papers, the circumstances surrounding Prence's change of plea, the preparation of the presentence investigation report, the calculation of the tax loss and restitution, and his response to various accusations made by the government (ECF No. 389 at 21-27). The only issue that is an appropriate basis for relief under § 2255 is the alleged ineffective assistance of counsel by Levenson.

The government argues that Prence's motion should be denied. The government points out that when a defendant pleads guilty in open court, the inquiry is confined to whether the underlying plea was counseled and voluntary. The government contends that Levenson provided sound, practical legal advice supported by an accurate assessment of Prence's legal situation.

### 3. Ineffective Assistance of Counsel Claims

To support a claim that counsel's assistance was so defective as to amount to a deprivation of one's Sixth Amendment right to effective assistance of counsel and require reversal of a conviction, a defendant must show two things: (1) counsel's performance was deficient; and (2) counsel's deficient performance caused him prejudice. *Williams v. Taylor*, 529 U.S. 362, 390-91 (2000) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)); *see Ross v. Dist. Att'y of the Cnty. of Allegheny*, 672 F.3d 198, 210 (3d Cir. 2012). To show deficient performance, defendant must show that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment. *Id.* at 210.

"With respect to prejudice, a challenger must demonstrate a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A "reasonable probability" is a probability sufficient to undermine confidence in the outcome." *Harrington*, 562 U.S. at 104. It is not enough to show that counsel's errors had "some conceivable effect on the outcome of the proceeding." *Id.* (citing *Strickland*, 466 U.S. at 693). If a court determines that defendant did not suffer prejudice, it need not determine whether counsel's performance was deficient. *Marshall v. Hendricks*, 307 F.3d 36, 87 (3d Cir. 2002) (citing *Strickland*, 466 U.S. at 697)). Courts should generally address the prejudice prong first, which the court will do here. *See McAleese v. Mazurkiewicz*, 1 F.3d 159, 170 (3d Cir. 1993).

Claims of ineffective assistance of counsel after a defendant has entered a guilty plea are extremely circumscribed because courts have a "fundamental interest in the finality of guilty pleas." *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). Entry of a guilty plea "is a grave and solemn act" which reflects "defendant's consent that judgment of conviction may be entered without a trial." *Brady v. United States*, 397 U.S. 742, 748 (1970).

A defendant who pleads guilty may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the range of professional competence. *Hill*, 474 U.S. at 56-57 (citing *Tollett v. Henderson*, 411 U.S. 258, 267 (1973)). In order to meet the prejudice prong of an ineffective assistance of counsel claim, the petitioner must "show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* In addition, any prejudice potentially resulting from counsel's alleged errors regarding a sentencing prediction is cured by a thorough plea colloquy. *United States v. Cormier*, No. 17-2694, 2018 WL 6828421, at *5 (3d Cir. Dec. 28, 2018) (rejecting motion to withdraw plea based on alleged ineffective advice of counsel).

Prence did not clearly specify the alleged improper advice he received from Levenson or demonstrate that he would have insisted on going to trial. It appears that Prence's primary grievance is that he was sentenced to a term of imprisonment after Levenson led him to believe he would be sentenced to probation. A defendant is not entitled to withdraw a guilty plea merely because he faces a harsher punishment than originally expected or experiences some other sentencing outcome that he finds unsatisfactory. *Id*. at *3.

In this case, the court conducted an extensive colloquy in accordance with Federal Rule of Criminal Procedure 11 to ensure that Prence was competent and that his plea was knowing and voluntary. At the time of the guilty plea, Prence was 61 years old, a college graduate and had lengthy professional work experience as a CPA. Prence was an active participant in the colloquy. Prence stated in open court that he had ample time to fully discuss the case with Levenson and was fully satisfied with his representation and advice. Tr. 6. The court confirmed

that Prence was voluntarily entering into the guilty plea, and that the plea had not been procured by threats or promises not in the plea agreement. Sealed Tr. 16-17.

In open court, Prence affirmed that although he was taking an antidepressant medication and suboxone, he was able to understand what was happening. Tr. 4-5. Neither the government nor the defense counsel had any doubts about Prence's competence. Tr. 6. The court found Prence competent. The court reviewed Prence's rights to trial, the elements of the offense, the summary of the government's evidence and the possible penalties, including a term of imprisonment of up to five years. Tr. 13-14. The plea agreement also stated that the maximum penalty was a term of imprisonment of not more than five years and Prence represented on the record that he read and discussed each provision of the plea agreement with Levenson. Sealed Tr. 6.

The court explained it was deferring its decision about whether to accept the plea agreement, which (if accepted) would be binding on the court and parties. Sealed Tr. 16. Of note, the agreement prevented the government from seeking a prison term longer than two years while Prence retained his right to argue for a sentence of probation. Sealed Tr. 12-14. Prence affirmed that he understood the agreement and the government's right to oppose a lesser sentence. Sealed Tr. 14. In sum, when he agreed to plead guilty, Prence knew about the maximum possible sentence; the terms of the plea agreement and Rule 11(c)(1)(C) stipulated maximum sentence of imprisonment; and that the court was deferring its decision whether to accept that agreement until sentencing. Tr. 13-14; Sealed Tr. 12-16. Ultimately, the court accepted the Rule 11(c)(1)(C) agreement and Prence was sentenced to a term of imprisonment of twelve months and a day. Prence was not prejudiced by any erroneous sentencing advice from Levenson.

Prence made a knowing, voluntary and intelligent decision to plead guilty. *See United States v. Price*, No. 02:08-CR-0312, 2010 WL 1257442, at *10 (W.D. Pa. Mar. 30, 2010) (rejecting

argument that counsel was ineffective for inducing defendant to plead guilty). Any incorrect advice provided by Levenson was cured by the extensive discussions in the plea colloquy. Prence was not prejudiced by any ineffective assistance of counsel relating to his guilty plea.

To the extent that Prence is arguing that Levenson was ineffective in advising him to plead guilty to a conspiracy crime he did not commit, that argument is also without merit. The essence of a conspiracy is the agreement. Prence did not need to know everything about the conspiracy to be found guilty. "[E]ach member of the charged conspiracy is liable for the substantive crimes his coconspirators commit in furtherance of the conspiracy even if he neither participates in his coconspirators' crimes nor has any knowledge of them." *United States v. Bailey*, 840 F.3d 99, 112 (3d Cir. 2016) (citing *Pinkerton v. United States*, 328 U.S. 640 (1946)). The government and the court extensively reviewed the elements of the charged tax conspiracy with Prence during the plea colloquy. The court concluded that Prence's admission that he assisted Trombetta in filing a false tax return in 2011 (Tr. 40) was sufficient to satisfy each element of the crime. Prence was not prejudiced by any alleged ineffectiveness of counsel because he admitted in open court that he committed the crime. *See* June 14, 2017 memorandum opinion and order (explaining why Prence was not permitted to withdraw his guilty plea) (ECF No. 338).

In sum, the court concludes that Prence did not raise any valid grounds to vacate or correct his sentence.

III. Conclusion

After a thorough review, defendant's pro se motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (ECF No. 389) will be DENIED. Pursuant to 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Because Prence did not meet this standard, a certificate of appealability will not issue.

An appropriate order follows.

April 23, 2019                             /s/ Joy Flowers Conti
                                           Joy Flowers Conti
                                           Senior United States District Court Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>v. )<br>)<br>NEAL PRENCE, )<br>)<br>Defendant. ) | Criminal No. 13-227<br>Civil No. 18-1072 |

## **ORDER**

AND NOW, this 23rd day of April, 2019, it is hereby ordered that for the reasons set forth in the memorandum opinion, Prence's pro se motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (ECF No.389) is DENIED. Pursuant to 28 U.S.C. § 2253(c)(2), a certificate of appealability shall not issue. Civil Action No. 18-1072 shall be closed.

/s/ Joy Flowers Conti
Joy Flowers Conti
Senior United States District Court Judge